# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| ADAM VASSEUR, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:18-03006-CV-RK |
| MATTHEW F. SOWELL, JOE L. JARVIS III, TEI CONSTRUCTION SERVICES, INC., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Remand (doc. 19). Defendant TEI Construction Services, Inc., opposes Plaintiff's Motion to Remand. Accordingly, for the reasons below, Plaintiff's Motion to Remand (doc. 19) is **GRANTED**, and it is **ORDERED** that this action is remanded to the Circuit Court of Texas County, Missouri.

### Background

On December 16, 2014, Plaintiff filed this action in the Circuit Court of Texas County, Missouri against Defendant Jarvis and Defendant Sowell. *See Adam Vasseur v. Matthew Sowell, Joe Jarvis, TEI Construction Services, Inc.*, 14TE-CC00539 ("State Action"). On November 17, 2017, Plaintiff amended its petition to add Count III against TEI Constructions Services Inc., as a new defendant. On January 9, 2018, TEI Constructions Services Inc., removed to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446.[1]

### Legal Standard

A federal court must ensure jurisdiction is proper before it turns to the merits of the case. *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332(a) and 1441(a). If the case does not fall within the district court's original jurisdiction, the court must remand the case to the state court from which is was removed. 28 U.S.C. § 1447(c). A party seeking removal and opposing remand

---

[1] The Court notes Defendant TEI Construction Services' Notice of Removal does not address whether Defendants Jarvis and Sowell consented to removal. While Defendant TEI later obtained Defendant Sowell's consent to removal, the record indicates Defendant Jarvis has not consented to removal. Defendant Jarvis may later learn of removal and object; however, because the parties do not address this possibility, the Court will not address it either.

carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Furthermore, any doubts about the propriety of removal should be resolved in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).

The notice of removal must be filed within thirty days of the defendant's receipt of the initial pleadings. 28 U.S.C. § 1446(b)(1). If a case is not originally removable, a defendant who receives a paper or pleading that indicates the case is now removable may remove the case to federal court within thirty days of receiving the paper or pleading. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996). However, a case cannot be removed to federal court based on diversity of citizenship "more than one year after commencement of the action." 28 U.S.C. § 1446(b). *See Lindsay v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002) (the "[f]ailure of a party to remove within the one year limit precludes any further removal based on diversity"); *Jackson v. C.R. Bard, Inc.*, 2017 WL 2021087, at *3 (E.D. Mo. May 12, 2017) (the rationale behind the one-year limitation is that a suit filed in state court should remain in state court if the case has been using state resources for over a year). After a defendant has filed a notice of removal in federal court, a plaintiff objecting to removal may file a motion to remand the case to state court within thirty days of the filing of the notice of removal. *Caterpillar Inc.*, 519 U.S. at 69. However, this thirty-day limit does not apply to jurisdictional defects, and a district court can remand a case any time before final judgment if it determines subject matter jurisdiction is lacking. *Id.*

## Discussion

This Court must determine when an action "commences" to start the clock for 28 U.S.C. § 1446's one-year limitation. While the Eighth Circuit has not addressed this exact question, district courts in the Eighth Circuit agree that an action commences when the original complaint is filed in state court. *See Jackson*, 2017 WL 2021087, at *3 (E.D. Mo. May 12, 2017); *Schafer v. Bayer Cropscience LP*, 2010 WL 1038518, at * 1 (E.D. Ark. March 19, 2010) (same); *Clark v. Wyeth*, 2012 WL 3027916, at *3 (E.D. Mo. July 24, 2012) (same); *Boyke v. Celadon Trucking Servs., Inc.*, 2009 WL 1393870, at * 3 (E.D. Mo. May 15 2009) (same). Further, an action can only commence once, and while pleadings may be amended, amended pleadings do not commence a new action. *Arnold Crossroads v. Gander Mountain Co.*, 2011 WL 2983511, at *2 (E.D. Mo. July 22, 2011); *Jackson*, 2017 WL 2021087, at *3 (same); *Devalk v. Wyeth*, 2012 WL 2885904, at *4 (E.D. Mo. July 13, 2012) ("[b]ecause removal statutes are narrowly construed, section 1446's

2

one-year limit runs from the initial commencement of an action, rather than any later amendment or other pleading that causes the case to become removable"). Accordingly, the Court finds this action commenced on December 16, 2014, when the complaint was filed in state court.

Although the State Action commenced in December 2014, Defendants filed their Notice of Removal on January 9, 2018, three years after the State Action was filed and well beyond the one-year limitation for removal on diversity grounds. While Plaintiff waived its right to seek remand based on procedural defects in the removal process, the one-year limitation in 28 U.S.C. § 1446(c) is jurisdictional and cannot be waived. *Wejrowski v. Wyeth*, 2012 WL 2367388, at *3 (E.D. Mo. June 21, 2012). *See also Clark*, 2012 WL 3027916, at *3 (E.D. Mo. July 24, 2012) ("the one-year time limitation in . . . [28 U.S.C. § 1446] is jurisdictional, [and] it is not subject to wavier or the 30-day time limitation set out in 28 U.S.C. § 1447(c) . . . [a]s a result, Plaintiffs could not have waived their right to seek remand of this case to state court"); *Schindler*, 2010 WL 11579910, at *3 ("[t]he one-year limit is jurisdictional and absolute . . . . Defendants removed this case after the one-year time limit ran. Removal was therefore untimely, and I [the Court] lack jurisdiction over this action. The case must be remanded"); *Advanta Tech. Ltd. v. BP Nutrition, Inc.*, 2008 WL 4619700, at *4 (E.D. Mo. Oct. 16, 2008) (28 U.S.C. § 1446's one-year limitation is jurisdictional and cannot be waived); *Bancservices Group, Inc. v. Stockgrowers State Bank*, 2008 WL 922306, at *1 (E.D. Mo. Mar. 31, 2008) (same); *Bancservices Group, Inc. v. American National Bank*, 2008 WL 585112, at *1 (E.D. Mo. Feb. 29, 2008) (same). Accordingly, this Court lacks jurisdiction pursuant to 28 U.S.C. § 1446's one-year limitation, and remand is proper. *See* 28 U.S.C. § 1447(c) (a district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject-matter jurisdiction").[2]

## Conclusion

Accordingly, Plaintiff's Motion to Remand (doc. 19) is **GRANTED**, and it is **ORDERED** that this case is remanded to the Circuit Court of Texas County, Missouri.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 31, 2018

---

[2] The Court notes the parties present other arguments in their filings; however, because of the Court's rulings, the other arguments do not need to be addressed.